### WILLET BROS. v. WESTERN NAVAL STORES CO. (No. 269.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 1, 1917.)

1. PHYSICIANS AND SURGEONS ☞24(2) — ITEMIZATION OF ACCOUNT—ACTION BY PHYSICIANS.

The complaint in an action by physicians to recover for attendance, medicine, etc., furnished several persons, should itemize as to each person the amount charged for medicine, the amount charged for examination, that charged for the visit, the charge for the prescription, etc.; no further itemization of the account being necessary.

2. PLEADING ☞228—ACTION ON ACCOUNT—GENERAL EXCEPTION TO PETITION.

Where the exception to plaintiffs' petition embodying an account was general, some of the items of the account being correctly pleaded, it was error to dismiss the entire account, and to refuse to hear testimony as to its justice.

Appeal from Newton County Court; W. E. Gray, Judge.

Suit by Willet Bros. against the Western Naval Stores Company. From a judgment of dismissal, plaintiffs appeal. Cause reversed, and case remanded for new trial.

A. L. Shaw, of Newton, for appellant. Forse & Ferguson, of Newton, for appellee.

BROOKE, J. This suit was instituted by appellant against appellee for the sum of $107.35, with interest, alleged to be due said appellant upon the account set out in appellant's petition and attached exhibit. Appellee excepted to the account upon the ground that it was not sufficiently itemized, whereupon appellant amended his former pleadings, in paragraph 6 of their third amended original petition alleged, as shown below, that the account was itemized as definitely as appellant could itemize it. Plaintiff further set out that said accounts were itemized, and set forth each item as requested by the said agents of defendant, and that said account specified, designated, and set forth each item as best plaintiff could, owing to the length of time since said accounts were created, and that neither the defendant nor its agents had at any time previous to this requested a more specific itemization of said accounts, and that plaintiff did not keep a set of books, wherefore they have not kept a complete itemized account with defendant, so that it was then impossible for plaintiff to render a more complete itemized account than shown by the pleadings, and the afore-said account attached as Exhibit A. The case was heard and judgment rendered on the pleadings, without testimony; the court having sustained the exception of appellee to the items of the account. Appellant confessed its inability to amend to conform to the rulings of the court, whereupon the case was dismissed, with costs against appellant.

The first assignment of error is as follows:

"The court erred in rendering judgment herein, in favor of the defendant and against the plaintiffs, for the reason that in order for the court to have dismissed the case on defendant's demurrers and exceptions, and defendant herein to recover, the defendant must by its exceptions, being special exceptions, setting forth such particular charges against defendant not properly itemized, and it being fully shown by the defendant's pleadings that said exceptions are nothing more than general exceptions to each paragraph of plaintiff's petition, and the judgment of the court dismissing the case in favor of the defendant and against the plaintiff was therefore erroneous."

The case was tried upon plaintiffs' third amended petition, which was as follows:

"Come now the plaintiffs, Willet Brothers, a partnership composed of Dr. H. L. Willet and J. M. Willet, who resides in Newton county, Texas, by leave of the court, for the purpose first had and obtained, file this their third amended petition, in lieu of their original petition filed herein on the 5th day of August, A. D. 1914, in the said justice court, and also in lieu of their first amended petition filed September 5, 1914, and as an amendment to their second amended petition filed herein on the 8th day of July, A. D. 1916, complaining of the Western Naval Stores Company, a private corporation, of the city of New Orleans, state of Louisiana, and doing business in the state of Texas, with an office in the town of Newton, Newton county, Texas, and hereafter styled defendant, aver that service may be had on said Western Naval Stores Company by serving L. M. Autrey, general manager of the said defendant, at Newton, Newton county, Texas, and for cause of action plaintiffs represent to the court that heretofore to wit:

"1. That on or about the 31st day of May, A. D. 1912, plaintiffs at the special instance and request of the defendant, by and through its agents, Ira Coleman, Tom Douthet, and L. M. Autrey, each of the county of Newton, state of Texas, rendered medical services for and sold medicine to the said Western Naval Stores Company, at the several times specified in the account hereto attached marked 'Exhibit A' and made a part hereof, that said service was rendered by treating and visiting the persons named therein, and by delivering the medicine to each as designated in said account, and as hereafter pleaded, at the request of the said defendant as aforesaid.

"2. Plaintiffs further represent to the court that at the special instance and request of the defendant, by and through its agent, Tom Douthet, manager of camp No. 1 of the said Western Naval Stores Company, in Newton county, Texas, that they did render medical service for and sell to the said defendant medicine for camp No. 1, as follows, to wit:

July 22, 1912. For Arthur Johnson, examination and medicine ..............$1.50
(This item was perhaps subject to the demurrer as no amount has been stated as a specific charge for the examination and the specific amount charged for medicine.)
July 22, 1912. For Arthur Johnson, prescription ........................ 1.00
(That item is sufficiently stated.)

July 26, 1912.   For Hozy Scott, examination and medicine ................... 2.75
(This is subject to the criticism above stated, and it should have been specifically stated the amount that was for the examination and the amount for the medicine, without further description.)
Oct. 5, 1912.   For Ed Ward, examination and medicine ..................... 4.35
(This should conform to what has been said above.)
Oct. 12, 1912.   For Auther Sapp,.1 visit and medicine ...................... 8.75
(This item is subject to the same criticism.)"

This entire paragraph was called in question by the following demurrer:

"That paragraph 2 of said petition fails to set out the medicine delivered and services rendered, and does not show the nature thereof and the charges made for each item thereof, for which defendant excepts specially to said paragraph and to each item thereof as therein set forth, and of this it prays judgment of the court."

[1] The only just criticism that could be made of this paragraph is the failure of the pleadings to state the amount charged for examination and the amount charged for medicine to the various parties, or the amount charged for the visit and the charge for medicine. The same should have been separately charged, and, subject only to this criticism, the same would be a proper averment.

In paragraph 3 of plaintiff's petition he says:

"At the special instance and request of the defendant, by and through its agents, Ira Coleman, manager of camp No. 2, of the said Western Naval Stores Company, in Newton county, Texas, and L. M. Autrey, General Manager of said Western Naval Stores Company, that they did render medical aid for and sell to the said defendant medicine for camp No. 2, as follows to wit:

May 31, 1912.   For George Iles, 2 visits and medicine ....$ 5.50
June 28, 1912.   For G. Green, examination, prescription, medicine ........... 10.15
June 28, 1912.   For Homer Ree, 5 visits, circumcision, medicine .............. 22.30
June 28, 1912.   For Charley Wooton, visit and medicine... 4.10
July 11, 1912.   For Auzzy Noris, 2 visits and medicine .... 6.15
July 11, 1912.   For Will Benton, medicine .............. 1.40
(This item is correctly pleaded.)
July 11, 1912.   For Ed Ward, 10 visits and medicine ....... 23.05
July 22, 1912.   For Bill Walden, examination and medicine 3.25"

The above items are subject to the criticism as set out heretofore in paragraph No. 2. In other words, the charge should be made for the visit, for the examination, for the prescription and medicine, and the item of June 28, 1912, should have stated so much for visit, so much for circumcision, and so much for medicine. Except for this alleged vice, paragraph 3 would not be open to objection. In other words, we mean to say that it is not necessary to itemize the medicine, or the kind of medicine, but only the amount

charged for the medicine, the amount charged for the examination, and the amount charged for the visit, and the amount charged for the prescription and for the circumcision. No further itemization of the account would have been necessary or called for.

In paragraph 4 of the petition plaintiff alleges that at the special instance and request of the defendant, by and through its agents, Ira Coleman, manager of camp No. 2 of the said Western Naval Stores Company, in Newton county, Texas, and L. M. Autrey, general manager of said Western Naval Stores Company, that they did render medical aid for and sell to the said defendant medicine for camp No. 2, as follows, to wit:

Aug. 6, 1912.   For Harris Renels, examination and medicine.
Aug. 9, 1912.   For Bill Walden, 2 visits and medicine.
Aug. 18, 1912.   For Elic Whitaker, 2 visits and medicine.
Aug. 18, 1912.   For G. Green, 4 visits and medicine.
Aug. 24, 1912.   For Auzzy Noris, 1 visit and medicine.
Sept. 14, 1912.   For Lonzo Danels, 2 visits and medicine.
Sept. 31, 1912.   For Ben French, medicine. (This item is correctly pleaded.)
Oct. 13, 1912.   For Elic Whitaker, 1 visit and medicine.

The alleged vice in paragraph 4, as above, is that a charge should have been specified, stating what was made for the examination, and what was made for the medicine, and what charge was made for visits. In no further particular was it necessary for the items to be set out in plaintiff's pleadings. So far as pretending to itemize the services rendered, except that it was medical service, and the nature thereof, except that a visit was had, or circumcision had, no further particularity was needed with reference to the medicines and services, except the charges that were made therefor. In this connection, the record shows the following:

"On this the 2d day of January, A. D. 1917, came on to be heard the above entitled and numbered cause upon plaintiff's third amended original petition this day filed, and defendant's second amended original answer, in answer thereto, and defendant having called up its demurrers and special exceptions to said petition, as they appear in its said answer, challenging the sufficiency of said petition as to the itemization of the account therein declared upon, and having presented the same to the court, the court being of the opinion that said demurrers and exceptions are supported by law, they are in all respects sustained. And the plaintiffs having failed to amend to conform to the ruling of the court, confessing their inability to do so, and electing to abide by their pleadings, the cause is therefore dismissed, and all costs adjudged against said plaintiffs and in favor of said defendant, for which it may have its execution."

In other words, just because the plaintiff in this case was not able to specify how much it charged for examination, how much for visit, and how much for medicine, the lower court refused to permit him to prove his said cause of action. We do not believe the

grouping of the fact, in the item, that they were visited and medicine given, should be considered, save when so much is charged for medicine and so much for a visit, the time having already been given at which the charges were made, and the plaintiff evidently knew how much he charged for a visit, and therefore was able, by a mathematical demonstration, to show how much was for a visit, and therefore how much remained in the charge for medicine.' In the opinion of this court, therefore, there will be and can be no definite reason why the plaintiff can not, even in the absence of any written memoranda, be able to state how much he charged for a visit, and how much for examination, and therefore how much he charged for medicine, at the various dates mentioned in the various accounts.

[2] In the form as presented to this court, the exception was a general exception. It was error on the part of the court, some of the items being correctly pleaded, to dismiss the entire account and refuse to hear testimony with reference to the justice of same. We believe, upon another trial of the cause, that no trouble will be experienced with reference to the proper pleading, and that therefore the parties may be able, without real trouble, either before the court or before a jury, to have justice meted out to them in this cause.

For the reasons above stated, this cause is reversed, and the case remanded for a new trial.